IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| vs. | * | No. 4:01CR00212-014 SWW |
| | * | |
| MARSHALL TINGLE | * | |

**Order**

Before the Court is defendant's *pro se* motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2) based upon the retroactive application of the crack cocaine penalty reduction imposed by the United States Sentencing Commission, effective March 3, 2008.[1]  The Court has reviewed defendant's case to determine whether he is eligible for a sentence reduction.  Based upon such review, the Court concludes that defendant is not eligible for a sentence reduction.

**Discussion**

Not every person sentenced for a crack cocaine offense is eligible for consideration for a sentence reduction.[2]  Only those persons currently serving a sentence determined or affected by a sentencing range calculated using the drug quantity table, U.S.S.C. § 2D1.1, are potentially eligible.  Even then, there are some defendants for whom the recalculated guideline range, using amended § 2D1.1, will be equal to the original guideline range.  In such cases, the defendant's guideline range is not lowered as a result of the retroactive amendment, and there is no basis for

---

[1] *See* United States Sentencing Commission Sentencing Guidelines, Amendment 706 (reducing the guideline range for crack cocaine offenses, effective November 1, 2007) and Amendment 711 (making Amendment 706 retroactive, effective March 3, 2008).

[2] *See, generally*, U.S.S.G. § 1B1.10, Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement)(March 3, 2008).

the Court to consider whether to exercise its discretion to grant a sentence reduction. U.S.S.G. § 1B1.10(a)(1).

To determine whether defendant is eligible for a sentence reduction, the Court must determine the amended guideline range "that would have been applicable to the defendant if the [crack cocaine] amendment[] . . . had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1). Additionally, the Court may only substitute the amended retroactive guideline, in this case § 2D1.1, and "shall leave all other guideline application decisions unaffected." *Id.*

Defendant is not eligible for a sentence reduction. His case is one in which application of amended § 2D1.1 does not change the guideline range. The base offense level for the quantity of drugs was 26 but because defendant is a career criminal and the statutory maximum is 25 years or more imprisonment,[3] the offense level is 34. Because defendant received a 3 point adjustment for acceptance of responsibility, his total offense level is 31. With a criminal history category of VI, the original guideline range was 188-235 months. The Court imposed a guideline sentence of 200 months.

Applying the amended version of § 2D1.1 reduces the base offense level based on drug quantity to 24. However, because defendant is a career criminal and the statutory maximum is 25 years imprisonment, the offense level is 34. With no change to either his offense level or criminal history, defendant's guideline range remains unchanged. Further, there has been no Rule 35 reduction.

## Conclusion

---

[3]The minimum term of imprisonment is five years and the maximum term is forty years.

Because the determination of defendant's sentence of imprisonment is unaffected by the retroactive crack cocaine amendment, his motion for reduction of sentence [docket entry 890] is denied.

IT IS SO ORDERED this 25th day of March 2008.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE