IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| vs. | * | No. 4:01CR00212-014 SWW |
| | * | |
| MARSHALL TINGLE | * | |

**Order**

Before the Court is petitioner's *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The motion is denied.

Petitioner pleaded guilty to conspiring to distribute and possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846. He was sentenced on September 30, 2003, to a term of 200 months imprisonment, five years supervised release, and a $100 special assessment. On August 3, 2010, the Fair Sentencing Act, which reduces the crack/powder cocaine disparity, was signed into law. Petitioner argues he is entitled to relief under that Act.[1]

The Fair Sentencing Act ("the Act") amended § 841 by, among others things, establishing new quantity thresholds that trigger mandatory minimum and maximum penalties for offenses involving cocaine base (crack cocaine). The Act is silent about whether the new threshold quantities apply to conduct that occurred prior to the date of its enactment. The general savings statute, 1 U.S.C. § 109, requires the application of the penalties in place at the time the crime was committed, unless the new enactment expressly provides for its own retroactive application.

---

[1] On March 25, 2008, the Court dismissed petitioner's *pro se* motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2) based upon the retroactive application of the crack cocaine penalty reduction imposed by the United States Sentencing Commission, finding that because petitioner is a career criminal and the statutory maximum is 25 years, his offense level did not change.

*Warden v. Marrero*, 417 U.S. 653, 660 (1974).   The Act contains no express statement that it is retroactive and no such express intent can be inferred from its plain language.   *See United States v. Brown,* No. 10-1791, 2010 WL 3958760, at *1 (8th Cir. Oct. 12, 2010)(*per curiam*).   Thus, the applicable penalty provision is the one in place at the time petitioner committed the crime.

Because petitioner's criminal conduct occurred prior to the enactment of the Fair Sentencing Act, the petitioner's motion to vacate, set aside, or correct sentence [doc. entry 1065] is denied.

SO ORDERED this 20th day of October, 2010.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE